Michael A. Guadagno, ISB #9476
E-mail: michael.guadagno@bullivant.com
**BULLIVANT HOUSER BAILEY PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930
Facsimile: 206.386.5130

Attorneys for Mesa Underwriters Specialty Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BIG BAM VAPES, LLC, EVAPORATED TECHNOLOGIES, LLC, and LOGAN CHECKETTS,<br><br>Plaintiff,<br><br>v.<br><br>MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, BIG SKY UNDERWRITERS, a division of HULL AND COMPANY,<br><br>Defendant. | No.: 4:19-cv-00378<br><br>ANSWER AND AFFIRMATIVE DEFENSES |

Defendant Mesa Underwriters Specialty Insurance Company ("MUSIC") submits this Answer and Affirmative Defenses to Plaintiffs' Complaint.

**I.    PARTIES**

1.  In answer to Paragraph 1 of the Complaint, MUSIC lacks sufficient knowledge or information to admit or deny Paragraph 1 and therefore denies the same.

2.  In answer to Paragraph 2 of the Complaint, MUSIC lacks sufficient knowledge or information to admit or deny Paragraph 2 and therefore denies the same.

3. In answer to Paragraph 3 of the Complaint, MUSIC lacks sufficient knowledge or information to admit or deny Paragraph 3 and therefore denies the same.

4. In answer to Paragraph 4 of the Complaint, MUSIC admits that it sells insurance in the State of Idaho. MUSIC denies the remaining allegations in Paragraph 4. MUSIC affirmatively alleges that it is a corporation organized under the laws of the State of Oklahoma.

5. In answer to Paragraph 5 of the Complaint, Paragraph 5 appears to be addressed to defendants other than MUSIC. MUSIC admits that Defendant Big Sky Underwriters, a division of Hull & Company (hereafter "Hull & Co."), places liability insurance with various insurance companies including MUSIC. MUSIC further admits that some of those policies were issued in the State of Idaho. MUSIC lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 5 and therefore denies the same.

## II.  FACTS

6. In answer to Paragraph 6 of the Complaint, MUSIC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 and therefore denies the same.

7. In answer to Paragraph 7 of the Complaint, MUSIC lacks sufficient knowledge or information to admit or deny Paragraph 7 and therefore denies the same.

8. In answer to Paragraph 8 of the Complaint, MUSIC admits that it issued Policy nos. MP0025002000386 and MP0025002000836 to Big Bam (the "Big Bam Policies"), the terms of which speak for themselves. In answer to the second sentence of Paragraph 8, the allegation that Checketts had an "insurable interest" in Big Bam sets forth a legal conclusion to which no response is required. To the extent a response is required, MUSIC denies. The remaining allegations in Paragraph 8 do not appear to be directed towards defendant MUSIC. To the extent the remaining allegations are directed towards MUSIC, MUSIC denies. To the extent the remaining allegations are directed towards other defendants, MUSIC lacks sufficient knowledge or information to admit or deny these allegations and therefore denies the same.

//

9.  In answer to Paragraph 9 of the Complaint, MUSIC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 and therefore denies the same.

10. In answer to Paragraph 10 of the Complaint, MUSIC lacks sufficient knowledge or information to admit or deny the first sentence of Paragraph 10 and therefore denies the same.  In answer to the second sentence of Paragraph 10, MUSIC admits that it issued Policy Nos. MP0025002001342 and MP0025002001969 to Evaporated (the "Evaporated Policies"), the terms of which speak for themselves.  The remainder of Paragraph 10 sets forth a legal conclusion to which no response is required.  To the extent a response is required, MUSIC denies.

11. In answer to Paragraph 11 of the Complaint, MUSIC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 and therefore denies the same.

12. In answer to Paragraph 12 of the Complaint, MUSIC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 and therefore denies the same.

13. In answer to Paragraph 13 of the Complaint, MUSIC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 and therefore denies the same.

14. In answer to Paragraph 14 of the Complaint, MUSIC admits that Andrew and Airelle Hall filed a complaint designated CV-2017-4676-PI in Idaho's Sixth Judicial District Court in and for Bannock County (the "Underlying Complaint"), the terms of which speak for themselves.  Based on a review of the docket, MUSIC further admits that the action is currently pending.  The remainder of Paragraph 14 sets forth a legal conclusion to which no response is required.  To the extent a response is required, MUSIC denies.

15. In answer to Paragraph 15 of the Complaint, MUSIC admits that Plaintiff Evaporated tendered the defense of the Underlying Complaint to MUSIC.  To the extent Paragraph 15 contains further allegations, MUSIC denies.

16. In answer to Paragraph 16 of the Complaint, MUSIC admits that the Policies do not provide coverage for the claims asserted in the Underlying Complaint.  MUSIC further

admits it sent letters to Plaintiffs Evaporated and Big Bam dated April 24, 2017 and April 30, 2018, respectively, which advised Plaintiffs of MUSIC's coverage determination. The terms of those letters speak for themselves. To the extent Paragraph 16 contains further allegations, MUSIC denies.

17. In answer to Paragraph 17 of the Complaint, MUSIC admits it received a letter dated January 16, 2018 from counsel for Plaintiffs, the terms of which speak for themselves. MUSIC denies each and every remaining allegation in Paragraph 17.

18. In answer to Paragraph 18 of the Complaint, MUSIC admits it received a letter dated January 16, 2018 from counsel for Plaintiffs, the terms of which speak for themselves. To the extent Paragraph 18 contains further allegations, MUSIC denies.

19. In answer to Paragraph 19 of the Complaint, MUSIC admits it received a letter dated January 16, 2018 from counsel for Plaintiffs, the terms of which speak for themselves. To the extent Paragraph 19 contains further allegations, MUSIC denies.

20. In answer to Paragraph 20 of the Complaint, MUSIC admits that it maintained its coverage determination and explained the reasons for the same. MUSIC denies the remaining allegations in Paragraph 20.

### III.   FIRST CAUSE OF ACTION

21. MUSIC incorporates its answers to Paragraphs 1 through 20 as though fully set forth herein.

22. In answer to Paragraph 22 of the Complaint, MUSIC denies.

23. In answer to Paragraph 23 of the Complaint, Paragraph 23 sets forth a legal conclusion to which no response is required. To the extent a response is required, MUSIC denies.

24. In answer to Paragraph 24 of the Complaint, Paragraph 24 appears to be directed towards other defendants in addition to defendant MUSIC. To the extent Paragraph 24 is directed towards other defendants, MUSIC lacks sufficient knowledge or information to admit

1  or deny the allegations and therefore denies the same. To the extent Paragraph 24 is directed
2  towards MUSIC, MUSIC denies.

3      25. In answer to Paragraph 25 of the Complaint, MUSIC lacks sufficient knowledge
4  or information to admit or deny the allegations in Paragraph 25 and therefore denies the same.

5      26. In answer to Paragraph 26 of the Complaint, MUSIC admits it issued the Big
6  Bam and Evaporated Policies (collectively, the "Policies"), the terms of which speak for
7  themselves. MUSIC further admits that Plaintiffs paid premiums for the Policies. To the
8  extent Paragraph 26 contains further allegations, MUSIC denies.

9      27. In answer to Paragraph 27 of the Complaint, MUSIC denies.
10     28. In answer to Paragraph 28 of the Complaint, MUSIC denies.
11     29. In answer to Paragraph 29 of the Complaint, MUSIC denies.
12     30. In answer to Paragraph 30 of the Complaint, MUSIC denies.
13     31. In answer to Paragraph 31 of the Complaint, MUSIC denies.

### IV. SECOND CAUSE OF ACTION

15     32. MUSIC incorporates its answers to Paragraphs 1 through 31 as though fully set
16 forth herein.

17     33. In answer to Paragraph 33 of the Complaint, MUSIC denies.

18     34. In answer to Paragraph 34 of the Complaint, Paragraph 34 appears to be directed
19 towards other defendants in addition to defendant MUSIC. To the extent Paragraph 34 is
20 directed towards other defendants, MUSIC lacks sufficient knowledge or information to admit
21 or deny the allegations and therefore denies the same. To the extent Paragraph 34 is directed
22 towards MUSIC, MUSIC denies.

23     35. In answer to Paragraph 35 of the Complaint, MUSIC lacks sufficient knowledge
24 or information to admit or deny the allegations in Paragraph 35 and therefore denies the same.

25     36. In answer to Paragraph 36 of the Complaint, MUSIC admits it issued the
26 Policies, the terms of which speak for themselves. MUSIC further admits that Plaintiffs paid

premiums for the Policies.  To the extent Paragraph 36 contains further allegations, MUSIC denies.

37. In answer to Paragraph 37 of the Complaint, MUSIC denies.

38. In answer to Paragraph 38 of the Complaint, MUSIC denies.

39. In answer to Paragraph 39 of the Complaint, Paragraph 39 sets forth a legal conclusion and/or reservation to which no response is required.  To the extent a response is required, MUSIC denies.

40. MUSIC denies Plaintiffs are entitled to relief requested in their prayer for relief.

## V.   AFFIRMATIVE DEFENSES

Without admitting any allegation MUSIC has previously denied, and without accepting or assuming any burden of proof not imposed on it by law, MUSIC asserts the following affirmative defenses:

1. Plaintiffs' claims for insurance coverage are barred by the specific terms, provisions, conditions, exclusions, and limitations contained in the Policies.

2. Plaintiff Checketts lacks standing to prosecute the claims set forth in the Complaint in his own name and/or is not the real party in interest as required by Rule 17(a)(1) of the Federal Rules of Civil Procedure.

3. Plaintiffs have a duty to mitigate their damages. To the extent the evidence establishes that Plaintiffs failed to mitigate their damages, such damages, if any, must be reduced and/or barred.

## VI.   RESERVATION OF RIGHTS

MUSIC reserves the right to amend any of the above answers upon further discovery. MUSIC also reserves the right to bring counterclaims, third-party claims, or cross-claims against Plaintiffs, and any known or unknown third-party defendants upon further discovery. MUSIC also reserves the right to add, delete, or revise any affirmative defenses in the future upon further discovery.  Finally, MUSIC reserves the right to amend its prayer for relief upon

further discovery.

## VII. PRAYER FOR RELIEF

WHEREFORE, MUSIC prays as follows:

1. That Plaintiffs take nothing by way of the Complaint and that their claims against MUSIC be dismissed with prejudice;

2. For reasonable attorneys' fees;

3. For costs of suit; and

4. For such other and further relief as the Court deems just and proper.

DATED: October 3, 2019

BULLIVANT HOUSER BAILEY PC

By /s/ Michael A. Guadagno
Michael A. Guadagno, ISB #9476
E-mail: michael.guadagno@bullivant.com

*Attorneys for Mesa Underwriters Specialty Insurance Company*

4819-5611-4856.3

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF e-filing system which will send notification of such filing to the persons listed below:

Blake S. Atkin
ATKIN LAW OFFICES, P.C.
7579 North West Side Highway
Clifton, Idaho 83228
Telephone: (801) 533-0300
FAX: (801) 533-0380
Email: batkin@atkinlawoffices.net

☐ via hand delivery.
☐ via first class mail.
☒ via email
☒ CM/ECF Eservice

*Attorney for Plaintiff*

Dated: October 3, 2019.

/s/ Kristin Anderson
Kristin Anderson, Legal Assistant